IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| **GREGORY BEN,** § | | |
| Petitioner, § | | |
| § | | |
| **V.** § | A-07-CV-805-SS | |
| § | | |
| **NATHANIEL QUARTERMAN,** § | | |
| **Director, Texas Dept. of** § | | |
| **Criminal Justice-Correctional Institutions** § | | |
| **Division,** § | | |
| Respondent. § | | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To: The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 and Memorandum in Support. Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

# I. STATEMENT OF THE CASE

A.     **Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to two judgments and sentences of the 331st Judicial District Court of Travis County, Texas. On July 7, 2003, a ten-year sentence was imposed upon Petitioner pursuant to his conviction for the offense of failure to stop and render aid. His sentence was probated. On July 23, 2004, Petitioner's probation was revoked and he was sentenced to six-years confinement. On that same day, Petitioner was also convicted of aggravated assault, a second-degree felony, and was sentenced to ten-years confinement. The state court ordered that Petitioner's sentences were to run concurrently to each other and concurrently with his previously imposed federal sentence. Petitioner explains on June 18, 2004, he was convicted of felon in possession of a firearm and was sentenced to 120 months in prison.

Petitioner did not appeal his convictions. He has, however, filed a state application for habeas corpus relief. Petitioner indicates he filed his application on May 12, 2006, and the Texas Court of Criminal Appeals denied it on April 11, 2007.

B.     **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. Petitioner received ineffective assistance of counsel in that counsel failed to inform him that his state sentence could not be ordered to run concurrent with his federal sentence;

2. He has been subjected to a violation of the Double Jeopardy Clause; and

3. His guilty plea was unlawfully induced.

## II.   DISCUSSION AND ANALYSIS

A.   **The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1]  The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254.  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

B.   **Application**

Petitioner's conviction became final, at the latest, on August 22, 2004, at the conclusion of time during which he could have appealed his conviction.  See TEX. R. APP. P. 26.2(a).  The Court is not certain whether Petitioner would have known his state sentences were not being run

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

concurrently with his federal sentence at that time.  However, it is clear from the documents Petitioner attached to his memorandum in support of his application for habeas corpus relief that he knew on or about March 28, 2005, that he was not receiving the credit he anticipated.  Attached to Petitioner's memorandum is a letter dated March 28, 2005, from the Federal Public Defender for the Western District of Texas, responding to Petitioner's concerns regarding his sentence credit.

For purposes of this Report and Recommendation the Court will use the March 28, 2005 date to determine whether Petitioner's federal application is timely.  Petitioner had one year after he learned of his claims to file his federal application for habeas corpus relief.  Petitioner did not execute his federal application until July 18, 2007, more than a year after the limitations period had expired.  Petitioner's state application did not operate to toll the limitations period, because it was filed on May 12, 2006, after the limitations period had already expired.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III. RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed as time-barred.

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 18th day of October, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE